Weldon, J.,
delivered the opinion of the court:
The facts are briefly as follows: On the 21th of March, 1863, aplantation containing 1,254 acres, situate in Beaufort County, South Carolina, was sold by the direct tax commissioners of *250 the United States to satisfy a tax assessed against it of $60.82; a part of it consisted of cultivated and a part of uncultivated ■land; the owner at the time of the sale was Thomas Means, who died in the year 1876, leaving a widow, the claimant, and a daughter as his heirs; in 1866 the claimant bought 160acres of said plantation from the United States, paying for the same the sum of $1,850; after the purchase of the land by claimant the daughter died unmarried and intestate, leaving her mother as her only heir.
In 1892, the claimant commenced a suit in this court under the provisions of the Act of March 2,1891 (chap. 496, 26 Stat. L., 822), to recover compensation under said act and obtained a judgment for the sum of $3,328.52, the same being compensation at $5 an acre for the cultivated and $1 per acre for the uncultivated land; but before trial claimant eliminated all demand for the 160 acres purchased as aforesaid and for which she now brings this suit.
By this proceeding, she is seeking to recover the purchase price paid, to wit, $1,850, less the tax, interest, and costs. The defendants insist, that as the heir of her deceased husband and child, she is not entitled to recover upon that provision of the statute, which allows the owner or heirs to recover money received into the Treasury from the sale of lands in excess of the sum assessed thereon. The defendants also insist, that whatever right the claimant has, comes under the first part of section four of said act and not under the last clause.
If the claimant is remitted to the first clause of the statute, her right would be measured by the limitation of five dollars and one dollar per acre; while if she succeeds under the last clause the extent of recovery is measured by the amount of the sale of the lands, less the assessment for taxes. The Act of March 2,1891 (ch. 496, 26 Stat. L., 822), has been the subject of judicial interpretation in this court in many cases, and much difficulty has been encountered by the court in applying its provisions, exceptions, and provisos to the varied conditions of fact, which arise out of the complicated relations and questions incident to the ownership and succession to the legal owner at the time of the sale.
The fourth section in substance provides that the owner of lands which were rated for taxation as cultivated shall recover at the rate of $5 per acre, and for land not cultivated at the *251 rate of $1 per acre. To that there is the proviso, “That in all cases where such owners or persons claiming under them have redeemed or purchased said lands or any part thereof from the United States they shall not receive compensation for the parts so redeemed or purchased.”
The statute provides compensation for three classes of land, first, lots in the town of Beaufort, one-half of the assessed value; cultivated lands at the rate of $5 per acre, and land not cultivated at $1 per acre. It also provides for a distinct mode of compensation in the last clause of section four as follows: "And provided further, That any sums of money received into the Treasury of the United States from the sale of lands bid in for taxes in any State under the laws described in the first section of this act (12 Stat. L., 294, 422, 640; 14 Stat. L., 568) in excess of the tax assessed thereon shall be paid to the owners of the land so bid in and resold, or to their legal heirs or representatives.” This proviso contemplates a distinct measure of compensation; but whether in addition to or in lieu of the compensation provided in the first portion of the section, it is somewhat difficult to determine. It is safe to assume that Congress did not intend a double compensation. The last clause considered by itself is plain and unambiguous; and were it not for the compensation of five dollars and one dollar per acre as provided in the first part of the section no question of doubtful construction could arise.
In the case of Sams et al. (27 C. Cls. R.., 267) it was contended that the claimant had a right to recover under both provisions of the law, to wit, five dollars per acre and the proceeds of the sale less the taxes and costs. Upon that contention this court held:
“Nor do we express any opinion upon the question whether or not the owners of the land in the parishes of St. Helena and St. Luke may have the right of election either to take under the last proviso of section 4 the excess for which the land was sold or under the first part of the section the value per acre as there fixed. We decide now only that they are not entitled to both.”
In the case of Barnwell (28 id., 246) the court decided that “The owner is entitled to the return of the money actually paid by him less the amount of the tax.” • In that case a lot in Beaufort, S. 0., was sold to the United States for the sum of one hundred dollars and resold to the claimant, the former *252 owner, for the sum of $2,600. The court in substance decided that the claimant was not entitled to receive the benefit of the statute as to the allowance of one-half, of the assessed value, but was entitled to recover the money in the Treasury arising from the sale of the lands less the taxes and costs. The court said: “We are of the opinion that Congress by the act intended to make good the losses and nothing more: it did not .intend to pay for the land to the owner who actually had the land, but did intend to give him back the money he actually paid for it and which is in the Treasury.”
The question which arises in this case was considered by the court in the case of Murray (29 id., 366). In that proceeding there was a purchase by the widow; but after the death of the husband and while she was an heir of the husband under the laws of South Carolina.
The question of the liability of the defendants is determined by the inquiry as to what would be the right of the owner of the legal estate, if he were the claimant in this proceeding, and a determination of his rights fixes the extent and limit of the rights of his heir. The claimant; is dependent upon the same title, as she could not, and did not, inherit more or less than his rights. She derives her claim through him, and he being the source of title, her rights are coequal with his. In the Sams Case we refrained from the decision of the question as to whether or not a party is entitled to recover under the last clause of the statute when he had absolutely lost his land, because upon the question of his claim in that particular there was a deficiency of proof, it not having been shown what was the amount in the Treasury from the sale after the deduction of the proper allowance. We simply held that a claimant was not entitled to recover both. This case presents by the adequacy of its proof, the question whether such a recovery can be had where there was a loss of the land by the purchase of the claimant before any rights inhered in her as the heir of the legal owner. At the time she purchased she acted as a femme sole, and in legal contemplation it was a purchase fry a stranger having no privity in estate with the former legal owner. In fact, no estate existed in anyone except the United States, all rights, both of the husband and the inchoate right of dower of the wife, being exhausted and divested by the proceedings of the tax sale.
*253 Whatever rights of recovery the claimant has must come either within the first proviso to section four or within the last.. The first is as follows: “That in all cases where such owners, or persons claiming under them have redeemed or purchased said land or any part thereof from the United States they shall not receive comjiensation for such parts so redeemed or purchased.” The claimant in this proceeding is claiming under Thomas Means, the original owner, and is as much precluded from the compensation by the acre provided in the fourth section as would Thomas Means if he were living and the claimant in this case; and she is, therefore, remitted to the last clause of the section for the determination of her rights. It was held in the Murray Case, that a purchase by the widow after the death of the owner was a purchase by a stranger, and entitled the heirs at law of the owner at the time of sale to recover under the last clause of section four.
The purpose of Congress was to relieve the owners of land-sold under the direct-tax act from the effect of such sale, by providing a compensation by the acre where the land was absolutely lost — that is, not redeemed or purchased; but where purchased then a compensation measured by the sum of money received into the Treasury for the sale- of lands in excess of the tax assessed thereon. In the Barnwell Case, we held that the owner was entitled to the benefit of the last provision of section four, but not entitled to the first inasmuch as the claimant had bought the land. Applying the doctrine of that case (which is conceded to be correct), the rights of the claimant in this proceeding are determined under the latter clause.
The estate of Thomas Means was deprived of the benefits of the land sold, by the divestiture of title, and Congress by the act of 1891, intended to restore to the estate the benefits of a compensation measured by the acre, or by the amount of money in the Treasury as the proceeds of the sale less the taxes. If this suit had been brought by the legal representative of Thomas Means, no question could have arisen as to the right of recovery; because his estate would be entitled to the recompense provided by the act. Some question has arisen as to the legal qualification of the wife as an heir in this proceeding, but construing the act as intending to provide to the estate either to the legal representative or the heir, compensation, and the claimant succeeding to the rights of her daughter *254 iu connection with her rights as widow under tli e statute of South Carolina, we hold that she has the legal qualifications to take as heir of her husband and legal owner.
We are of opinion that the substantial issue of this claim was passed upon in the consideration of the Murray. Case, and the reasoning of Judge Davis in that justifies a judgment in this case for the amount paid for the land under the last clause of the fourth section.
Judgment for the sum of $1,850.